IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                                   |
|--------------------------|---|-----------------------------------|
| MICHAEL NEWMAN,          | : |                                   |
|        Appellant         | : |                                   |
|                          |   |                                   |
|    v.                    | : | Civil Action No. DKC 2007-2279    |
|                          | : |                                   |
| DOROTHY WHITNEY, ET AL., |   |                                   |
|        Appellees         | : |                                   |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Appellees' motion to dismiss Appellant's appeal from the Order of United States Bankruptcy Judge Thomas J. Catliota. (Paper 4). Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed.R.Bankr.P. 8012. For the reasons that follow, the court will deny Appellees' motion to dismiss.

Judge Catliota issued an order in favor of Appellees on July 31, 2007. Appellant mailed a notice of appeal by letter dated August 10, 2007 to the United States Court of Appeals for the Fourth Circuit. (Paper 6, ex. 4). According to a date stamp on Appellant's letter, the Fourth Circuit received the notice on August 16. The same day, the clerk of the Fourth Circuit contacted Appellant and informed him that he erroneously filed his notice of appeal with the Fourth Circuit and returned his $455 filing fee. On August 17, Appellant filed his notice of appeal in the

Bankruptcy Court. (Bankr. Paper 74.)  He subsequently filed a "Statement of Election" on August 20. (Bankr. Paper 77).  In the memorandum supporting his Statement of Election, Appellant explained his untimeliness as the result of his erroneous filing in the Fourth Circuit.  He requested that the court excuse his untimeliness and consider his notice of appeal.  In response, the bankruptcy court docketed an instruction providing,

> [a] Statement of Election is not a motion and does not require any court action.  Neither the Statement of Election nor the Memorandum cites to a single authority for any relief. See Local Rule 9013-1.  The Court is left to ques[tion] what relief is being sought, which the Court declines to do.

(Bankr. Paper 79).  Appellees now move to dismiss Appellant's appeal on the grounds that the notice of appeal was untimely and Appellant's untimeliness was not excusable neglect.  Alternatively, Appellees argue that the court should dismiss the appeal pursuant to Local Rule 404(2) for Appellant's failure to comply with Fed.R.Bankr.P. 8006.

Bankruptcy Rule 8002(a) provides "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Appellant mailed his initial notice of appeal on August 10, the last day within the filing deadline.  Appellant's notice was therefore timely, but

filed in the wrong court.[1]   Filing a timely appeal in the wrong

court is not necessarily a fatal error.   Federal Rule of Appellate

Procedure 4(d) provides,

> [i]f a notice of appeal in either a civil or a
> criminal case is mistakenly filed in the court
> of appeals, the clerk of that court must note
> on the notice the date when it was received
> and send it to the district clerk.   The notice
> is then considered filed in the district court
> on the date so noted.

The clerk of the Fourth Circuit did not follow Rule 4(d) when she

returned Appellant's notice of appeal and filing fee.   Had she

followed the mandate of Rule 4(d), the clerk of the district court

could have transferred the notice of appeal to the bankruptcy court

and the notice would have been timely and properly filed.   *See*

Fed.R.Bankr.P. 8002(a)("[i]f a notice of appeal is mistakenly filed

with the district court . . . the clerk of the district court . .

. shall note thereon the date on which it was received and transmit

it to the [bankruptcy court] clerk and it shall be deemed filed

with the clerk on the date so noted.").[2]   However, the Fourth

---

[1]   Apparently, the "mail box" rule applies to the filing of a
notice of appeal in bankruptcy proceedings: "Fourth Circuit
precedent requires the timeliness of a bankruptcy appeal to be
computed from the date the notice is mailed to the bankruptcy
court, not the date the notice is actually received by the clerk.
*See Hovermale v. Pigge* (*In re Pigge*), 539 F.2d 369, 371 (4th Cir.
1976)." *In re Wells*, No. 1:07CV00048, 2007 WL 1892307, at *1
(W.D.Va. July 2, 2007).

[2]   Title 28 U.S.C. § 1631 also supports the proposition that
filing in the wrong court is not fatal:
        Whenever a civil action is filed in a court as
                                        (continued...)

Circuit clerk rejected the original notice and Appellant filed a second notice of appeal on August 17, seven days past the filing deadline.  The second notice of appeal was therefore untimely.

An untimely filing of a notice of appeal is fatal unless the bankruptcy court grants an extension.  Rule 8002(c)(2) provides the procedure for seeking an extension:

> [a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

As is clear from the face of the rule, a request for an extension "*must* be made by written motion."  The bankruptcy docket reflects

---

$^2$(...continued)
> defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*See also In re Exclusive Indus. Corp.*, 751 F.2d 806, 808-09 (5th Cir. 1985) (citing 28 U.S.C. § 1631 for authority to transfer to district court, rather than dismiss, a bankruptcy appeal erroneously filed in the Fifth Circuit).

that Appellant filed a Statement of Election on August 20. The bankruptcy court did not recognize the Statement of Election as a motion, however, and therefore there is no motion for an extension on the record. Appellant does not urge the court to review the bankruptcy court's conclusion that the Statement of Election was not a motion. Instead, Appellant proffers his excusable neglect arguments in his Opposition brief. Ordinarily, the court only reviews excusable neglect arguments when addressing a motion for an extension. *See In re Sackar*, No. 03-11002-PM, Civ.A. WMN-04-1581, 2004 WL 3415563, at *2 (D.Md. Nov. 17, 2004)(noting the likelihood of success appellant would have had if he had filed a motion for extension, but nevertheless denying the appeal as untimely). The present case presents a unique situation, as Appellant apparently attempted to request an extension, albeit in the incorrect fashion. (*See* Bankr. Paper 77, at 4 "the Defendant/Appellant, Michael Newman respectfully requests that this Honorable Court enter an Order permitting the Notice of Appeal to be filed out of time."). In the interest of resolving this matter on the merits and not on a technicality, the court will address Appellant's excusable neglect arguments. *Cf. Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (discussing the federal rule policy of deciding cases on the basis of the substantive rights at issue rather than on technicalities in the context of pleading rules).

Excusable neglect may be found where (1) the delay in filing was due to neglect and (2) the neglect must be excusable. *Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380 (1993); *Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.)*, 45 F.3d 70, 72 (4th Cir. 1995).   Neglect  can  include  "inadvertence,  mistake,  or carelessness." *Pioneer*, 507 U.S. at 388.   Appellant acknowledged that the mailing of the notice of appeal to the Fourth Circuit was a mistake.   Whether his neglect is excusable is an equitable determination.   The court considers (1) the danger of prejudice to Appellees; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of Appellant; and (4) whether Appellant acted in good faith. *In re Swann*, No. 05-14086-TJC, 2007 Bankr. LEXIS 2077, at *9 (D.Md. June 13, 2007); *Cronin v. Henderson*, 209 F.R.D. 370, 371 (D.Md 2002).

The balance of the factors weighs in Appellant's favor. Appellees were not likely prejudiced by Appellant's late notice, as he filed his notice only seven days after the deadline, and the court assumes that Appellant acted in good faith.   Although Appellant failed to apply the very straightforward Bankruptcy Rule 8001(a) requiring that bankruptcy appeals be filed in the bankruptcy court, his mistake was clearly anticipated by Fed.R.App.P. 4(d) and Fed.R.Bankr.P. 8002(a).   If the Fourth Circuit clerk had transferred, rather than rejected, Appellant's

notice, there would be no question that the notice was filed timely.  Appellant could have prevented his mistake, but he was nevertheless protected by the safeguards provided in Fed.R.App.P. 4(d) and Fed.R.Bankr.P. 8002(a).  Proper transfer of his erroneously filed notice was not within his control, as the Fourth Circuit clerk was in the position to correct the mistake.  It would be inequitable to punish Appellant under these circumstances and therefore a finding of excusable neglect is warranted here.

Appellees also argue that the court should dismiss the appeal because Appellant has not yet filed and served "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" pursuant to Fed.R.Bankr.P. 8006.  Local Rule 404(2) allows the court to dismiss bankruptcy appeals for an appellant's failure to comply with Rule 8006.  Appellant did not address this argument in his Opposition Brief.  Local Rule 404(2) grants appellants an opportunity to explain their non-compliance and therefore the court will issue a show cause order requesting Appellant to explain why this appeal should not be dismissed for non-compliance with Rule 8006.

For the foregoing reasons, Appellees' motion to dismiss for untimeliness will be denied and the court will order Appellant to show cause why this appeal should not be dismissed for Appellant's

non-compliance with Fed.R.Bankr.P. 8006.  A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
