```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                              :
MICHAEL NEWMAN
     Appellant                :

                              :
     v.                                Civil Action No. DKC 2007-2279
                              :

DOROTHY WHITNEY, ET AL.       :
     Appellees
                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Appellees' motion to dismiss Appellant's appeal from the Order of United States Bankruptcy Judge Thomas J. Catliota. (Paper 4). Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed.R.Bankr.P. 8012. For the reasons that follow, the court will deny Appellees' motion to dismiss.

On December 5, 2007, the court denied in part Appellees' motion to dismiss on untimeliness grounds and ordered Appellant to show cause why the appeal should not be dismissed for failure to comply with Fed.R.Bankr.P. 8006. (Paper 9).[1] Appellant filed a

---

[1] Rule 8006 provides, in part, "[w]ithin 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be
(continued...)

response to the show cause order on December 11, (paper 10), and Appellees filed their reply on the same day (paper 11).  On December 14, Appellant filed in the bankruptcy court his Designation of Items for Inclusion in the Record (Bankr. Paper 88) and his Statement of Issues on Appeal (Bankr. Paper 89).

Appellant's response to the show cause order is confusing and nonsensical.  He attempts to buy himself time by shifting the blame to the court for not yet entering an Order granting Leave to Appeal, even though Appellant has never filed a motion seeking leave to appeal in this or any other court.  In the court's previous Order, it was willing to excuse Appellant's initial filing mistake because the Federal Rules provided procedural safeguards for his error.  (*See* paper 9).  Here, Appellant does not even provide a coherent explanation for his failure to comply with the straightforward provisions of Rule 8006.  Appellant recently filed the designation of record and statement of issues on appeal.  Other than the normal prejudice inherent in any delay, Appellees also proffer that resolution of this appeal is necessary to sell the property at issue and proceed with their Chapter 13 plan.  Appellees assert that they are prejudiced by declining real estate

---

[1](...continued)
presented." Local Rule 404(2) allows the court to dismiss bankruptcy appeals for an appellant's failure to comply with Rule 8006.

property values, but they have not presented any evidence to support their assertions.

The court again declines to dismiss this appeal despite Appellant's repeated failures to comply with the rules.  The delays have been relatively brief and the prejudice somewhat speculative.  The court cautions Appellant, however, that no further delay will be tolerated and any future failures to comply with the rules will not be excused.  A separate Order will follow.

                                    /s/
                         DEBORAH K. CHASANOW
                         United States District Judge